1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELSALENA RAHN,

            Plaintiff,

        v.

PIERCE COUNTY, PIERCE
PROSECUTOR OFFICE, JUDY RAE
JASPRICA, CORT O'CONNOR, and
MULTICARE HEALTH SYSTEM,

            Defendants.

Case No. C04-5373RJB

ORDER ON
DEFENDANTS PIERCE
COUNTY, PIERCE
COUNTY
PROSECUTOR'S OFFICE,
JUDY RAE JASPRICA,
AND CORT
O'CONNOR'S FRCP
12(b)(6) MOTION TO
DISMISS AND ON
DEFENDANT
MULTICARE'S FRCP
12(b)(6) MOTION TO
DISMISS

        This matter comes before the court on Defendants Pierce County, Pierce County's

Office, Judy Rae Jasprica, and Cort O'Connor's FRCP 12(b)(6) Motion to Dismiss (Dkt. 22) and on

Defendant Multicare's FRCP 12(b)(6) Motion to Dismiss (Dkt. 25). The court has considered the

pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL HISTORY AND RELEVANT FACTS

        On March 17, 2004, plaintiff apparently received treatment from defendant Multicare Health

System. This treatment was apparently related to a criminal case pending in Pierce County District Court.

Dkt. 1, *State of Washington v. Marco Rahn*, Pierce County District Court NO. 4YC010149. On March 26,

1   2004, District Court Judge Judy Rae Jasprica signed a Subpoena *Duces Tecum*, presented by Cort T.

2   O'Connor, the prosecuting attorney in the criminal case.  Dkt. 1, Exh. D.  The Subpoena Duces Tecum,

3   requested that Tacoma General Hospital deliver to the prosecutor "[a]ny medical records, including, but

4   not limited to, chart notes, social worker notes, discharge records, triage/intake reports, records for any

5   diagnosis or treatment received in the emergency room, or any similar records involving the treatment of

6   patient Elsalena Rahn, (date of birth 3/26/67) at Tacoma General Hospital on March 17, 2004."  Dkt. 1,

7   Exh. D.  On March 26, 2004, Mr. O'Connor sent a Notice of Discovery Request for Medical Records

8   (Notice) to plaintiff, to Tacoma General Hospital, and to the University Place Fire Department.  Dkt. 1

9   Exh. D.  The Notice stated as follows:

10           Please be advised that, pursuant to RCW 70.02.060, the OFFICE OF THE PIERCE
             COUNTY PROSECUTING ATTORNEY, and CORT T. O'CONNOR, Deputy Prosecuting
11           Attorney, seek the following information from Tacoma General Hospital and University Place Fire
             Department for the records indicated on the attached subpoeneas duces tecum regarding the
12           diagnosis and treatment of patient Elsalena Rahn, DOB 3-26-67, on or about 01-17-04.

13           If you object to the disclosure of the information referenced herein, you must obtain a
             <u>PROTECTIVE ORDER</u> from the Pierce County District Court preventing such disclosure on or
14           before 04/14/04 (14 days after date of service).

15   *Id.*  Attached to the Notice was a copy of the subpoena duces tecum referred to above.  *Id.*

16           On June 25, 2004, plaintiff filed a civil complaint, captioned "Violation of HIPAA, Obtaining

17   Medicals [sic] Record Without Properly [sic] Notification; and Denied Request for a Protective Order

18   Base [sic] on Prejudicial Ruling" (Complaint) against defendants Pierce County, Pierce Prosecutor [sic]

19   Office, Judy Rae Jasprica, Cort O'Connor, and Multicare Health System. Dkt. 1.  Included as part of the

20   complaint were the following documents: Notice of Discovery Request for Medical Records, dated March

21   25, 2004 and sent March 26, 2004; Order and Notice of Setting; Subpoena Duces Tecum (Criminal),

22   signed by Judy Rae Jasprica on March 26, 2004; Memorandum of Authority in Support of Motion to Grant

23   a Protective Order, *State of Washington v. Marco Rahn*, Pierce County District Court No. 4Yc010149,

24   dated April 28, 2004; FAX cover sheet from Cort O'Connor to Tom Dinwiddie, April 29, 2004; and

25   State's Response to Elsalena Rahn's Motion for a Protective Order, dated April 29, 2004; and April 26,

26   2004 letter to Cort O'Connor from Laird A. Pisto, Associate General Counsel for Multicare Health

27   System. *Id.*

28           In the complaint against Pierce County Pierce Prosecutor [sic] Office, Judy Rae Jasprica, and Cort

O'Connor (County defendants), and against Multicare Health System (Multicare), plaintiff alleges that (1) Judge Jasprica issued a subpoena duces tecum for her medical records on March 26, 2004, in violation of RCW 70.20; (2) Multicare Health System-Tacoma General Hospital released her medical records on March 31, 2004, in clear violation of RCW 70.20; (3) she received the Notice of the subpoena *duces tecum* on March 29, 2004; (4) she requested a protective order hearing on April 5, 2004; (5) hearings related to the medical records and requested protective order were held April 12, April 23, and May 17, 2004; (6) Mr. O'Connor surrendered her medical records to Judge Jasprica; (7) Judge Jasprica stated that her medical records were obtained illegally in violation of HIPAA and she had every right to pursue this matter in Superior Court; and (8) Judge Jasprica denied the protective order.  Dkt. 1, Complaint.

MOTIONS

On May 4, 2005, defendants Pierce County, Pierce County Prosecutor's Office, Judy Rae Jasprica, and Cort O'Connor filed a Motion to Dismiss, contending that plaintiff has failed to state a claim upon which relief can be granted because (1) HIPAA does not create a private right of action; (2) RCW 70.02, the Medical Records-health Care Information Access and Disclosure Law, does not create a civil cause of action against a governmental agency; (3) the individual defendants are entitled to absolute immunity; and (4) the actions by the prosecutor in this case are state actions, not county actions.  Dkt. 22.

On May 27, 2005, defendant Multicare Health System (Multicare) filed a motion to dismiss, requesting that the court dismiss the complaint because (1) plaintiff failed to serve her complaint on Multicare; (2) HIPAA does not create a private cause of action; and (3) the court does not have subject matter jurisdiction over state law claims when all federal claims have been dismissed.  Dkt. 25.

On July 1, 2005, plaintiff filed a response to the motions to dismiss.  Dkt. 31.  Plaintiff requests that the court deny the motions and instead grant judgment in her favor for violation of HIPAA. *Id.* She maintains that defendants violated HIPAA by releasing and possessing her medical records before the stated time for her to seek a protective order; by fabricating records; and by falsely and deliberately changing the sequence of events.  *Id.*  Plaintiff has attached documents in support of her response.  *Id.* Plaintiff contends that Multicare released her medical records to independent contractor Secure Health Information Corp. on March 31, 2005 [sic] and mailed them to Mr. O'Connor on April 1, 2005 [sic].  Dkt. 31, at 2.  The year 2005 is apparently a typographic error, since the alleged improper disclosure occurred

1   in 2004.

2                   STANDARD FOR MOTION TO DISMISS

3        A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to

4   support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th

5   Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).  Dismissal may be based on either the lack

6   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

7   *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are

8   taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

9   1295 (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

10   conclusory allegations of fact fail to state a claim for relief.  *Colburn v. Upper Darby Township*, 838 F.2d

11   663, 666 (3rd Cir. 1988).  If a claim is based on a proper legal theory but fails to allege sufficient facts, the

12   plaintiff should be afforded the opportunity to amend the complaint before dismissal.  *Keniston v. Roberts*,

13   717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed.  *Id.*

14        In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings

15   liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839

16   F.2d 621, 623 (9th Cir.1988).  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)(Unless it is

17   absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the

18   complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

19        Plaintiff has submitted various documents as part of her complaint and in support of her reply to

20   these motions to dismiss.  A court may consider material which is properly submitted as part of the

21   complaint on a motion to dismiss without converting into a motion for summary judgment.  *Lee v. City of*

22   *Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where the documents are not physically attached to the

23   complaint, they may be considered if the documents' "authenticity ... is not contested" and "the plaintiff's

24   complaint necessarily relies" on them."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)) (quoting

25   *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998)).  Further, pursuant to Fed. R. Evid. 201, a

26   court may take judicial notice of "matters of public record" without converting a motion to dismiss into a

motion for summary judgment. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). A court may not, however, take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. 201(b). Finally, when considering a motion to dismiss based upon lack of jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

In connection with these motions to dismiss, the court has considered documents plaintiff filed with the complaint because they are integral to the complaint. Along with her reply, plaintiff submitted six exhibits. *See* Dkt. 31. Exhibits 2, 4, and 5 were already submitted as part of the complaint. The court has not considered Exhibit 1 because it is not relevant to resolution of these motions to dismiss. Exhibit 3 was not considered because it relates to the merits of plaintiff's claims and, for the purposes of this motion, the court has already construed all of the factual allegations in plaintiff's favor.

Exhibit 6 attached to plaintiff's reply includes a January 31, 2005 letter to plaintiff from the Department of Health & Human Services (HHS) and an April 23, 2004 letter to plaintiff from Tacoma General Hospital. The letter from Tacoma General Hospital is not relevant to resolution of the motions to dismiss. To the extent the letter from the HHS supports plaintiff's claims on the merits, the court has not considered the letter because, for purposes of these motions to dismiss, the court has already construed the allegations in plaintiff's favor. However, the court has considered Exhibit 6 for the limited purpose of determining whether the court has jurisdiction over plaintiff's HIPAA claim. Exhibit 6 shows that plaintiff filed a claim with the HHS, alleging that Multicare released her medical records pursuant to a subpoena without obtaining satisfactory assurance that neither she nor the requester of the records had not filed a protective order; that HHS investigated the complaint; and that Multicare developed a new policy to

obtain written assurances from the requestor of records where subpoenas are served without a signed

authorization from the patient.   Dkt. 31, Exh. 6.  The letter from HHS also stated as follows:

> All matters raised by this complaint at the time it was filed have now been resolved through the
> voluntary compliance actions of Multicare.  Therefore, OCR is closing this case.  OCR's
> determination as stated in this latter applies only to the allegations in this complaint that were
> reviewed by OCR.

Dkt. 31, Exh. 6, at 2.

<u>DISCUSSION</u>

**1.  Health Insurance Portability and Accountability Act (HIPAA),  42 U.S.C. § 1320d-6**

HIPAA addresses the exchange of health-related information.  Title II of HIPAA includes

provisions entitled  "Administrative Simplification." *See* 110 Stat.1936, 2021-2034 (codified at 42 U.S.C.

§§ 1320d-1320d-8).  In one of the Administrative Simplification provisions, Congress delegated to the

Secretary of Health and Human Services ("HHS") the authority to make final regulations concerning the

privacy of individually identifiable health information. *See* HIPAA, § 264(b), (c)(1), 110 Stat.1936, 2033.

Those regulations were to address, among other things, the rights of individuals with regard to their health

information, the procedures by which individuals may exercise their rights, and the uses and disclosures of

health information that may be authorized or required.  *Id*. § 264(b).

The County defendants and Multicare maintain that HIPAA does not provide for a private cause of

action, and that, therefore, plaintiff's claim under HIPAA should be dismissed.

42 U.S.C. § 1320d-6 provides penalties for wrongful disclosure of individually identifiable health

information:

(a) Offense

 A person who knowingly and in violation of this part--

(1) uses or causes to be used a unique health identifier;
(2) obtains individually identifiable health information relating to an individual; or
(3) discloses individually identifiable health information to another person,

shall be punished as provided in subsection (b) of this section.

(b) Penalties

A person described in subsection (a) of this section shall--

(1) be fined not more than $50,000, imprisoned not more than 1 year, or both;
(2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and
(3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

While it does not appear that the circuit courts of appeals have squarely addressed the issue of whether a plaintiff may maintain a federal cause of action for unauthorized disclosure of health care information, some district courts have been presented with this issue.  In *Johnson v. Quander*, 2005 WL 670759 (D.D.C.), plaintiff had alleged that the District of Columbia DNA act violated HIPAA by disclosing highly sensitive medical and genetic information in which plaintiff had a strong privacy interest. The district court concluded that HIPAA did not provide a private cause of action, reasoning as follows:

In order for this Court to find that there is an implied private right of action under the HIPAA, this Court must determine whether Congress intended to create such a right. *Anderson v. USAir, Inc.*, 818 F.2d 49, 54 (D.C.Cir.1987).

Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Alexander v. Sandoval*, 532 U.S. 275, 286-87, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (internal citations omitted). While only a handful of courts have examined whether a private right of action is implied under the HIPAA, each Court has rejected the position. *See O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F.Supp.2d 1176 (D.Wyo.2001); *Brock v. Provident Am. Ins. Co.*, 144 F.Supp.2d 652 (N.D.Tex.2001); *Means v. Indep. Life and Accident Ins. Co.*, 963 F.Supp. 1131 (M.D.Ala.1997); *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356 (M.D.Miss.1997). In fact, the most recent opinion to address this question was written by another member of this court. In *Logan v. Dep't of Veterans Affairs*, No. 02-701, 2004 WL 3168183, --- F.Supp.2d ---- (D.D.C. July 28, 2004), after reviewing the HIPAA provisions governing the disclosure of individually identifiable health information, the court concluded that

Congress enacted HIPAA, in part, to address concerns about the confidentiality of health information, particularly in the era of electronic communication. Section 262 of HIPAA (codified as 42 U.S.C. §§ 1320d to d-8) defines terms and imposes requirements on the Department of Health and Human Services ("HHS"), health plans, and healthcare providers involved in the exchange of health information. HIPAA provides for both civil and criminal penalties to be imposed upon individuals who improperly handle or disclose individually identifiable health information. 42 U.S.C. §§ 1320d-5 to d-6. However, the law specifically indicates that the Secretary of HHS shall pursue the action against an alleged offender, not a private individual.

*Id*. at *4. In Logan, a government employee attempted to bring an action against the government for allegedly disclosing individually identifiable health information. The Logan court concluded that the HIPAA did not provide for a private right of action and it therefore did not have subject matter jurisdiction over the plaintiff's HIPAA claim. Accordingly, the claim was dismissed pursuant to Rule 12(b)(1). Id. at *4.

Here, the plaintiff challenges, pursuant to the HIPAA, the disclosure of information regarding his DNA. Compl. ¶ 19. Assuming for the sake of argument that the HIPAA prevents the disclosure of this type of medical information, the plaintiff and not the Secretary of HHS has initiated this action. And it is the Secretary who is empowered by the HIPAA to do so. 42 U.S.C. § 1320d-5. Accordingly, because no private right of action exists under the HIPAA, this Court does not have subject matter jurisdiction over this claim and it must be dismissed.

*Johnson v. Quander*, 2005 WL 670759, at *16-17 (D.D.C.).

The court has carefully reviewed the statutes and regulations at issue in this case, and concurs with the reasoning of the District Court of the District of Columbia in *Johnson v. Quander*.  HIPAA delegated to the Secretary of HHS the authority to enforce the civil penalties in 42 U.S.C. §§ 1320d-5 to d-6 for allegedly improper release of health care information.  The Secretary of HHS has adopted regulations consistent with that authority.  *See* 45 C.F.R.§ 160.506 ("The Secretary shall impose a penalty on a person who is a covered entity and who the Secretary determines in accordance with this subpart has violated a provision of--(a) 42 U.S.C. 1320d-1320d-8, as amended; (b) Section 264 of Pub. L. 104-191 (42 U.S.C. 1320d-2(note)); or (c) Parts 160, 162 or 164 of this subchapter.).  HIPAA does not provide plaintiff with a civil right of action, and this court does not have subject matter jurisdiction over the HIPAA claim. *See also University of Colorado Hospital Authority v. Denver Publishing Co.*, 340 F.Supp.2d 1142 (D.CO. 2004); and *Northwestern Mem. Hosp. v. Village of S. Chicago*, 2004 U.S.Dist. LEXIS 14411, 33 Benefits

Cas. (BNA) 2046.

Although it is not essential to the court's decision on the issue of whether HIPAA creates a private right of action, the court notes that plaintiff filed a complaint with HHS, the complaint was investigated, and HHS determined that the matters raised in the complaint had been resolved through the voluntary actions of Multicare.  Dkt. 31, Exh. 6.  Plaintiff used the mechanism incorporated by Congress into HIPAA for ensuring that health care providers comply with certain requirements relating to disclosure of health care information.  HHS determined that the issues had been resolved, and did not seek to impose sanctions under 42 U.S.C. § 1320d-6.

Congress did not provide a private right of action under HIPAA in addition to the enforcement mechanism provided in the statutory scheme.  Plaintiff has no private right of action under HIPAA for improper disclosure of her health care information.  This claim should be dismissed.

**2.  Immunity of County Defendants on HIPAA Claims**

As an alternative basis supporting their motion to dismiss, the County defendants maintain that Judge Jasprica and Mr. O'Connor are absolutely immune from suit.  Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986);  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973).  As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.  *Ashelman v. Pope*, 793 F.2d at 1078. In this case, the actions of Judge Jasprica were judicial actions taken within the jurisdiction of the court. Judge Jasprica is absolutely immune from suit for any alleged violation of HIPAA.

A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under  42 U.S.C. S 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Absolute

immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. *Id.* at 430. The issuance of the subpoena *duces tecum* and the judicial proceedings related to the release of plaintiff's medical records were intimately associated with the judicial phase of the criminal process. Accordingly, Mr. O'Connor is absolutely immune from suit for any alleged violation of HIPAA.

The County defendants also claim that the claims against Pierce County and the Pierce County Prosecutor's Office should be dismissed because Mr. O'Connor acted as a state, not county, official in criminally prosecuting this case. Because plaintiff does not have a private cause of action under HIPAA, the court need not address these arguments.

### 3. Medical Records-Health Care Information Access and Disclosure Law (Uniform Health Care Information Act), RCW 70.02

The Uniform Health Information Act prevents the unauthorized dissemination of health care information by health care providers. RCW 70.02.020. The County defendants contend that RCW 70.02 does not create a right of action against a government agency. Multicare requests that the court decline to exercise supplemental jurisdiction over this claim.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

By this order, plaintiff's federal claims are dismissed. The issues plaintiff has raised under the

Uniform Health Care Information Act raise issues of state law, including whether an action under RCW 70.02 may be maintained against a government agency. There do not appear to be exceptional circumstances warranting this court to assume supplemental jurisdiction over the state law claims. Accordingly, the parties should be ordered to show cause why this court should not decline to exercise supplemental jurisdiction over the state law claims in this case and dismiss the claims without prejudice.

**4. Other Issues**

In support of its motion to dismiss, Multicare claims that plaintiff has failed to serve her complaint on Multicare. The court need not address this issue at this time, since Multicare has appeared, the court has dismissed the federal claims, and it appears that the court may decline to exercise supplemental jurisdiction over the state law claims.

Finally, in her response to the motions to dismiss, plaintiff requests that the court grant judgment in her favor on the merits of the claims. Dkt. 31, at 1. Because plaintiff has not stated a claim under HIPAA, this court has no jurisdiction to rule on the merits of her claims. Further, it appears that the court may decline to exercise supplemental jurisdiction over any state law claims, and judgment in her favor on these claims would not be appropriate. The court should deny plaintiff's request to grant judgment in her favor.

Therefore, it is hereby **ORDERED** that Defendants Pierce County, Pierce County Prosecutor's Office, Judy Rae Jasprica, and Cort O'Connor's FRCP 12(b)(6) Motion to Dismiss (Dkt. 22) and Defendant Multicare's FRCP 12(b)(6) Motion to Dismiss (Dkt. 25) are **GRANTED** in the following respect: all claims alleging that defendants violated Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, are **DISMISSED**. Not later than July 25, 2005, the parties are **ORDERED TO SHOW CAUSE**, if any they may have, in writing, why the court should not decline to exercise supplemental jurisdiction over the pending state law claims. Not later than July 28, 2005, any

ORDER
Page - 11

party may file a reply to a response. The matter is noted for consideration on the court's July 29, 2005 calendar. The parties are notified that, if they fail to timely respond to this Order to Show Cause, or if they otherwise fail to show cause as directed herein, the court will dismiss the state law claims without prejudice.   Plaintiff's request that the court grant judgment in her favor (Dkt. 31) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of July, 2005.


Robert J. Bryan
U.S. District Judge

ORDER
Page - 12