UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELSALENA RAHN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY, PIERCE PROSECUTOR OFFICE, JUDY RAE JASPRICA, CORT O'CONNOR, and MULTICARE HEALTH SYSTEM,<br><br>　　　　　　Defendants. | Case No. C04-5373RJB<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE |

　　　This matter comes before the court on the court's Order to Show Cause. Dkt. 34. The court has considered the relevant records and the remainder of the file herein.

　　　On July 11, 2005, the court issued an order dismissing all claims alleging that defendants violated Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, and directing the parties to show cause, in writing, not later than July 25, 2005, why the court should not decline to exercise supplemental jurisdiction over plaintiff's state law claims under the Medical Records-Health Care Information Access and Disclosure Law (Uniform Health Care Information Act), RCW 70.02. Dkt. 34. The parties were notified that, if they failed to timely respond to the Order to Show Cause, or if they otherwise failed to show cause, the court would dismiss the state law claims without prejudice. *Id.* None of the parties has filed a response to the order to show cause.

　　　Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same

ORDER
Page - 1

case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The court has dismissed all of the federal claims in this case. The issues plaintiff has raised under the Uniform Health Care Information Act raise issues of state law, including whether an action under RCW 70.02 may be maintained against a government agency. There are no exceptional circumstances warranting this court to assume supplemental jurisdiction over the state law claims. Accordingly, the court should decline to exercise supplemental jurisdiction over the state law claims in this case and dismiss the claims without prejudice.

Therefore, it is hereby **ORDERED** that the court **DECLINES** to exercise supplemental jurisdiction over plaintiff's state law claims, and plaintiff's claim that defendants violated the Medical Records-Health Care Information Access and Disclosure Law (Uniform Health Care Information Act), RCW 70.02, are **DISMISSED WITHOUT PREJUDICE** to bring the claims in state court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of August, 2005.

Robert J. Bryan
United States District Judge