1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16

ELSALENA RAHN,

              Plaintiff,

      v.

PIERCE COUNTY, PIERCE
PROSECUTOR OFFICE, JUDY RAE
JASPRICA, CORT O'CONNOR, and
MULTICARE HEALTH SYSTEM,

           Defendants.

Case No. C04-5373RJB

ORDER

17
18

     This matter comes before the court on review of plaintiff's response to the court's order to show cause.  Dkt. 36 and 37.  The court has considered the relevant records and the remainder of the file herein.

19
20
21
22
23
24
25

     On July 11, 2005, the court issued an order dismissing all claims alleging that defendants violated Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, and directing the parties to show cause, in writing, not later than July 25, 2005, why the court should not decline to exercise supplemental jurisdiction over plaintiff's state law claims under the Medical Records-Health Care Information Access and Disclosure Law (Uniform Health Care Information Act), RCW 70.02.  Dkt. 34. The parties were notified that, if they failed to timely respond to the Order to Show Cause, or if they otherwise failed to show cause, the court would dismiss the state law claims without prejudice.  *Id.*

26
27
28

     On August 1, 2005, the court issued an order declining to exercise supplemental jurisdiction over plaintiff's claim that defendants violated the Medical Records-Health Care Information Access and Disclosure Law (Uniform Health Care Information Act), RCW 70.02, and dismissing that claim without

1    prejudice to bring the claims in state court.  Dkt. 35.  The court noted in the order that none of the parties

2    had responded to the court's Order to Show Cause.  *Id.* at 1.  After that order was entered, plaintiff's

3    response to the Order to Show Cause, which had been timely filed but not yet docketed, was brought to

4    the court's attention.

5         The court has reviewed plaintiff's response to the Order to Show Cause.  *See* Dkt. 36 and 37.

6    Plaintiff contends that defendants violated the Uniform Health Care Information Act, RCW 70.02; that she

7    attempted to resolve these issues by filing grievances through Risk Management and the Department of

8    Health and Human Services; that she attempted to pursue the issue with a legal representative; and that she

9    is willing to have someone else argue on her behalf.  Dkt. 36 and 37.

10        Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims

11   that are so related to claims in the action within the original jurisdiction so that they form part of the same

12   case or controversy.  The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises

13   a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims

14   over which the district court has original jurisdiction, (3) the district court has dismissed all claims over

15   which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons

16   for declining jurisdiction.  28 U.S.C. § 1367(c).

17        The court has dismissed all of the federal claims in this case. The issues plaintiff has raised under

18   the Uniform Health Care Information Act raise issues of state law, including whether an action under RCW

19   70.02 may be maintained against a government agency. There are no exceptional circumstances warranting

20   this court to assume supplemental jurisdiction over the state law claims.  Because the state law claims are

21   dismissed without prejudice, plaintiff is not precluded from pursuing her claims in state court.

22   Accordingly, the court's order declining to exercise supplemental jurisdiction over the state law claims in

23   this case and dismissing the claims without prejudice should be affirmed.

24        Therefore, it is hereby **ORDERED** that the court's August 1, 2005 order declining to exercise

25   supplemental jurisdiction over plaintiff's state law claims and dismissing without prejudice plaintiff's claim

26   that defendants violated the Medical Records-Health Care Information Access and Disclosure Law

27   (Uniform Health Care Information Act), RCW 70.02, (Dkt. 35) is **AFFIRMED**.

28

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

2    party appearing *pro se* at said party's last known address.

3    DATED this 4th day of August, 2005.

4

5

6    Robert J. Bryan
     United StatesDistrict Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3